**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **QUENTIN BIVINS, #42702-177,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **3:13-CV-1848-D-BK** |
| | § | **(3:10-CR-0304-D)** |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For the reasons that follow, it is recommended that the section 2255 motion be denied.

**I. BACKGROUND**

Petitioner was convicted of possessing a firearm after being convicted of a felony, and was sentenced to 188 months' imprisonment and a three-year term of supervised release. *See United States v. Bivins*, No. 3:10-CR-206-D (07) (N.D. Tex., Dallas Div., Dec. 5, 2011), *aff'd*, 495 Fed. Appx. 533 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1741 (2013). In the four grounds raised in this timely section 2255 motion, Petitioner asserts the Court erred in determining that he was subject to the Armed Career Criminal Act (ACCA), and that counsel rendered ineffective assistance at sentencing and on appeal in failing to challenge the ACCA determination. (Doc. 2 at 4-5; Doc. 3 at 3). The Government argues the section 2255 motion lacks merit and Petitioner has filed a reply. (Doc. 7; Doc. 11).

**II. ANALYSIS**

Following conviction and exhaustion or waiver of the right to direct appeal, the Court

presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

In the first three grounds, Petitioner asserts the Court impermissibly relied on the Presentence Report (PSR) (which he claims depended only on police reports and probation records) in determining that he qualified for an increased sentence under the ACCA, contrary to *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). (Doc. 3 at 5-6; Doc. 11 at 2). *See also Descamps v. United States,* ––– U.S. ––––, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013) (clarifying test used in *Taylor* and *Shepard* to determine if a prior conviction constitutes a violent felony under the ACCA). Having failed to raise the ACCA claims at sentencing and on direct appeal, the Court agrees with the Government that claims 1-3 are procedurally defaulted, absent a showing of cause and prejudice. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Moreover, while Petitioner also asserts trial and appellate counsel rendered ineffective assistance in failing to challenge the ACCA determination (*see* claim 4; Doc. 2 at 5), he cannot show that counsel's performance was deficient and that it prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland* standard in evaluating the ineffective assistance of appellate counsel).

Contrary to Petitioner's assertion, the PSR included a copy of the indictment, judgment, and judicial confession for each of his prior convictions (Doc. 52-1 at 22-31), and the Court properly relied on those documents in determining that Petitioner previously had been convicted of violent felonies for purposes of the ACCA under 18 U.S.C. § 924(e)(2)(B). *See Shepard*, 544

U.S. at 16, 26 (in deciding whether a conviction is a violent felony under the ACCA, a sentencing court may consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," or "some comparable judicial record of this information.").

Here, the judicial confessions established that Petitioner's convictions for burglary of a habitation with intent to commit theft (Case Numbers F04-32107 and F04-32108) violated Texas Penal Code § 34.02(a)(1), and that his conviction for evading arrest using a vehicle (Case Number F03-47768) violated Texas Penal Code § 38.04(B)(1). (Doc. 52-1 at 22-31; Doc. 57 at 2). Thus, as the United States Court of Appeals for the Fifth Circuit has previously concluded, each of Petitioner's prior offenses of conviction qualify as a violent felony under the ACCA. *See United States v. Harrimon*, 568 F.3d 531, 534-536 (5th Cir. 2009) (evading arrest by use a vehicle under section 38.04(b)(1) was a residual clause crime under the ACCA); *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008) (summarizing cases holding that burglary of a habitation under section 30.02(a)(1) constitutes a crime of violence for purposes of the ACCA); *see also United States v. Hoover*, 2013 WL 6617885 *1 (5th Cir. Dec. 17, 2013) (unpublished per curiam) (holding that *Sykes v. United States,* ––– U.S. ––––, 131 S.Ct. 2267, 2277 (2011), validates the Fifth Circuit Court of Appeal's holding in *Harrimon*, that the Texas offense of evading arrest or detention by use of a vehicle is a violent felony under the ACCA).

In his reply, Petitioner relies on *United States v. McCann*, 613 F.3d 486, 502-503 (5th Cir. 2010), which held that the district court cannot rely on the PSR alone in making the ACCA determination. (Doc. 11 at 2). Unlike this case, however, the *McCann*'s PSR contained only the conclusory characterization of a prior conviction as a "crime of violence" and no documents were available to demonstrate the specific facts of the defendant's prior conviction. *See*

*McCann*, 613 F.3d at 503 (noting that all documents of McCann's manslaughter offense were lost in Hurricane Katrina).  And, while "*Shepard*-approved" documents existed in *United States v. Cabrera*, 478 Fed. Appx. 204, 207, 209 (5th Cir. 2012), also cited in Petitioner's reply (Doc. 11 at 2), the Court of Appeals concluded that the judgment and judicial confession did not establish a "crime of violence."

Because Petitioner's ACCA claims lacked merit, his trial and appellate counsel were not ineffective in failing to raise them at sentencing and/or on appeal.  See *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.").  Accordingly, claim 4 should be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

SIGNED March 20, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE