IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUENTIN BIVINS, #42702-177,      § | | |
| Petitioner,      § | | |
| § | | |
| v.      § | 3:13-CV-1848-D-BK | |
| § | (3:10-CR-0304-D) | |
| UNITED STATES OF AMERICA,      § | | |
| Respondent.      § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On May 30, 2014, Petitioner, a federal prisoner, filed a *pro se* motion for reconsideration under FED. R. CIV. P. 59(e) to vacate the judgment denying his motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 18 at 1]. For the reasons that follow, it is recommended that the motion for reconsideration be denied.

**I. BACKGROUND**

Petitioner was convicted of possessing a firearm after being convicted of a felony, and was sentenced to 188 months' imprisonment and a three-year term of supervised release. *See United States v. Bivins*, No. 3:10-CR-206-D (07) (N.D. Tex., Dallas Div., Dec. 5, 2011), *aff'd*, 495 Fed. Appx. 533 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1741 (2013). He timely filed a section 2255 motion, asserting that he was not subjected to the Armed Career Criminal Act (ACCA), and that counsel rendered ineffective assistance at sentencing and on appeal in failing to challenge the ACCA determination. [Doc. 2]. The undersigned recommended that section 2255 relief be denied because Petitioner's prior convictions qualified as a violent felony under the ACCA and, thus, trial and appellate counsel were not ineffective in failing to raise the claims at sentencing and on direct appeal. [Doc. 14]. On April 30, 2014, the Court accepted the recommendation over Petitioner's objection and denied relief. [Doc. 16; Doc. 17]. Petitioner

now seeks reconsideration asserting the United States Supreme Court recently granted certiorari to review whether the (ACCA) "is unconstitutionally vague." [Doc. 18 at 1].

## II. ANALYSIS

There are four general grounds on which a court may alter or amend a final judgment under Rule 59(e): (1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law.  *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  It is within the court's discretion to reopen a case under Rule 59(e).  *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000).

Petitioner fails to make the requisite showing under Rule 59(e).  In support of his motion he contends that certiorari was granted in "*Hinkely v. United States*, No. 13-201 (U.S., 2014); and *Johnson v. United States*, No. [sic] (U.S., 2014)." [Doc. 18 at 1].  However, the undersigned has been unable to locate either the *Hinkely* case or the order purportedly granting certiorari in such case.  Moreover, the Supreme Court did not grant certiorari in *Johnson v. United States*, 526 F. App'x 708 (8th Cir. 2013), to review whether the ACCA is unconstitutionally vague, but rather to determine whether possession of a short-barreled shotgun is a violent felony under the ACCA.  *Johnson v. United States*, --- U.S. ---, 134 S. Ct. 1871 (2014).  Unlike *Johnson*, the prior convictions used to enhance Petitioner's sentence were burglary of a habitation with intent to commit theft and evading arrest using a vehicle.  [Doc. 14 at 3].

Petitioner also relies on *Burrage v. United States*, 134 S.Ct. 881 (2014), to argue the ACCA enhancement was "based on a misinterpretation of the statute." [Doc. 18 at 1].  However, *Burrage* is inapposite.  In *Burrage*, the Supreme Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of

21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 892. Here, Petitioner's sentence was enhanced under 18 U.S.C. § 924(e)(2)(B) for having been previously convicted of a violent felony and, thus, the applicability of *Burrage* to his case is not apparent and his motion is silent about same.

Having failed to show the existence of an intervening change in the controlling law, Petitioner's motion to alter or amend the judgment under Rule 59(e) lacks merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion for reconsideration [Doc. 18] be **DENIED**.

SIGNED June 23, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE