IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUENTIN BIVINS, #42702-177, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1848-D |
| | § | (3:10-CR-304-D) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Quentin Bivins ("Bivins") has filed a *pro se* motion for relief from judgment,
relying on the Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ___, 135 S.
Ct. 2551, 2563 (2015), in which the Court held that "imposing an increased sentence under the
residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due
process." Relying on Fed. R. Civ. P. 60(b)(6), Bivins seeks to set aside the judgment denying his
original motion to vacate sentence under 28 U.S.C. § 2255. The court concludes that Bivins' motion
should be treated as a successive § 2255 motion, and it transfers the motion to the United States
Court of Appeals for the Fifth Circuit so that he can seek authorization to file a successive habeas
petition.

I

Rule 60(b) provides that the court "may relieve a party or its legal representative from a final
judgment, order, or proceeding" based on certain enumerated grounds, including mistake,
inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party,
void judgment, release and satisfaction, or "any other reason that justifies relief." Rule 60(b)(1)-(6).
To prevent conflicts between the strict limitations on second-or-successive habeas petitions and the

more lenient restrictions in Rule 60(b) on motions for relief from final judgments, however, the court must first examine whether a Rule 60(b) motion is, in fact, a second-or-successive habeas petition in disguise. *See*, *e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 531-532 (2005). There are only narrow circumstances in which a district court can entertain a Rule 60(b) motion in a habeas proceeding. Under *Gonzalez*, a true Rule 60(b) motion is one that either (1) challenges only a procedural ruling of the habeas court that precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Id.* at 532 & 532 nn. 4 & 5; *see also United States v. Hernandes*, 708 F.3d 680, 681-682 (5th Cir. 2013).

## II

Bivins' Rule 60(b) motion is "a § 2255 motion in disguise" because it challenges the court's previous resolution of his claims on the merits relying on the recent *Johnson* decision. *See Hernandes*, 708 F.3d at 682 (quotation and quoted case omitted) (holding that Rule 60(b) motion was unauthorized, successive § 2255 motion that district court was prohibited from considering); *see also Gonzalez*, 545 U.S. at 530-532 (a Rule 60(b) motion advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits"). Because Bivins does not complain of the habeas procedure, but instead urges a ground for substantive relief, the court treats his Rule 60(b) motion as a successive § 2255 motion and transfers it to the Fifth Circuit so that he can seek authorization to file a successive application challenging his conviction. *See In re Hartzog*, 444 Fed. Appx. 63, 67 (5th Cir. 2011) (per curiam) (holding that district court properly treated Rule 60(b) motion and companion § 2255 motion as successive, and properly transferred the motions to the Fifth Circuit); *see also* 28 U.S.C. §§ 2255(h) &

2244(b)(3)(A) & (B) (before petitioner may file successive application in the district court, a three-judge panel of the court of appeals must determine whether the application makes the requisite prima facie showing).

In this regard, the court notes that the Fifth Circuit recently held that *Johnson v. United States* raises a "new rule" that does not apply retroactively on collateral review. *See In re Williams*, ___ F.3d ___, 2015 WL 7074261, at *3 (5th Cir. Nov. 12, 2015) (denying authorization to file successive § 2255 motion).

III

Accordingly, treating Bivins' motion for relief from judgment under Rule 60(b) as a successive § 2255 motion, the motion is transferred to the United States Court of Appeals for the Fifth Circuit.   *See* 28 U.S.C. §§ 2255(h) & 2244(b)(3); 28 U.S.C. § 1631.

Bivins' November 9, 2015 motion to amend the Rule 60(b) motion to cite new authority addressing *Johnson* in the direct-appeal context is denied as futile.

An order transferring a successive application to the court of appeals is not a final order that requires a certificate of appealability ("COA"), so the court is not addressing whether Bivins is entitled to a COA.  *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *cert. denied*, ___ S.Ct.  ___, 2015 WL 5772739 (Nov. 2, 2015); *Brewer v. Stephens*, 605 Fed. Appx. 417 (5th Cir. 2015) (per curiam).

The clerk of the court is directed to open and close for indexing purposes based on this order a new § 2255 motion to vacate sentence  (nature of suit 510, assigned to the same district judge and magistrate judge as this case) and effect the transfer to the Fifth Circuit in the newly opened case.

**SO ORDERED**.

November 19, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 4 -